UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UTICA MUTUAL INSURANCE COMPANY REPUBLIC FRANKLIN INSURANCE COMPANY and UTICA NATIONAL INSURANCE GROUP,<br><br>Plaintiff(s),<br><br>vs.<br><br>LARRY BLACK, TY CIRILLO, JIMMY JOHNS FRANCHISE, LLC and JRC RESTAURANTS dba JIMMY JOHNS GOURMET SANDWICHES,<br><br>Defendant(s). | 2:12-cv-02148-GMN-NJK<br><br>**REPORT & RECOMMENDATION** |

Before the Court is Plaintiffs' Motion for Default Judgment Against Defendants Larry Black, Ty Cirillo, and JRC Restaurants dba Jimmy Johns Gourmet Sandwiches ("JRC") (Docket No. 30).

**I.  BACKGROUND**

This case arises out of a motorcycle accident that occurred on October 20, 2011. Docket No. 1, at 3. Defendant Ty Cirillo was traveling eastbound on Oakey Blvd on his motorcycle and Defendant Larry Black was traveling westbound in a motor vehicle. *Id*. It is alleged that Defendant Black was within the scope of this employment with Defendant JRC while driving the vehicle down Oakey. *Id*. The front of Defendant Cirillo's motorcycle struck the passenger side of Defendant Black's vehicle and both vehicles were towed from the scene. *Id*. Defendant Cirillo was transported to emergency care and sustained substantial injuries. *Id*.

. . .

On October 28, 2011, Defendant Cirillo filled a complaint in the District Court for Clark County, Nevada, against Defendant Black, Defendant JRC, and Defendant Jimmy Johns Franchise, LLC. *Id*. That action is the underlying litigation to this case. *Id*. In the underlying litigation, Defendant Cirillo alleges negligence, negligence per se, and a claim titled "res ipsa loquitur" against Defendant Black. *Id*. at 4. Plaintiffs have not provided the Court with any information as to the current status of that case.

On December 18, 2012, Plaintiffs filed the instant action in the District of Nevada. Docket No. 1. Plaintiffs' complaint requests that the Court enter judgment finding that (1) the Utica Mutual Insurance Company General Liability Policy provides no coverage for Defendant Black for the underlying action, (2), in the alternative, Defendant Black was not an insured under the Utica mutual Insurance Company General Liability Policy, (3) The Republic Franklin has no duty or obligation to defend or indemnify Defendant Black in the underlying action, and (4) Utica National has not obligation to defend or indemnify Defendant Black in the underlying action. *Id*. at 8-10.

On February 13, 2013, Defendants Black, Cirillo, and JRC were served with copies of the summons and complaint. Docket Nos. 20, 21, and 22. The summons were returned as executed to the Court on March 19-20, 2013. *Id*. Defendants Black, Cirillo, and JRC were given until March 5, 2013, to answer the complaint. *Id*. On February 27, 2013, Defendant Jimmy Johns Franchise was served with a copy of the summons and complaint. Docket No. 23. The summons was returned as executed to the Court on March 20, 2013. *Id*. Defendant Jimmy Johns Franchise was given until March 20, 2013, to answer the complaint. *Id*. To date, none of the Defendants has appeared in this action.

On March 22, 2013, Plaintiffs filed a motion for leave to file an amended complaint. Docket No. 25. The Court granted that request pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), on May 13, 2013. Docket No. 25. The Court instructed Plaintiffs to file and serve the proposed amended complaint within five days of the Court's Order. *Id*.

On June 24, 2013, Plaintiffs moved for entry of clerk's default as to Defendants Black, Cirillo, and JRC. Docket No. 27. The Clerk entered default against Defendants Black, Cirillo,

1  and JRC on July 24, 2013. Docket No. 29. On December 12, 2013, Plaintiffs filed the present
2  motion seeking default judgment against Defendant Black, Cirillo, and JRC. Docket No. 20.

**II.     LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule." Fed.R.Civ.P. 55(b)(2).

On July 24, 2013, the Clerk entered default against Defendants Black, Cirillo, and JRC for their failure to plead or otherwise defend the instant lawsuit. Docket No. 29.  Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiffs now ask this court to enter default judgment against Defendants Black, Cirillo, and JRC.  Because Plaintiff does not request relief that differs from or exceeds that prayed for in the First Amended Complaint, the application for default judgment complies with Fed.R.Civ.P. 54(c). *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal.2003).

The choice as to whether a default judgment should be entered is at the sole discretion of the trial court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant's default alone does not entitle a plaintiff to a court-ordered judgment. *See id.* Instead, the Ninth Circuit has determined that a court should look at seven discretionary factors before rendering a decision on default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). These factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.*  In applying these *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *Televideo Sys., Inc. v. Heidenthal*, 826

1  F.2d 915, 917–18 (9th Cir. 1987); *see* Fed.R.Civ.P. 9(b).

## III.     DISCUSSION

### A.     Default Judgment

The first *Eitel* factor favors default judgment. The Court finds that if it does not enter default judgment, Plaintiffs will be without other recourse for recovery and thus will suffer prejudice by having to defend and potentially pay an award for a lawsuit unnecessarily. *See PepsiCo, Inc. v. Cal. Security Cans*, 283 F.Supp.2d 1127, 1177 (C.D.Cal. 2002). Defendant has not answered or otherwise responded to the complaint. Default judgment is required to avoid the continued unnecessary expenditure of judicial and party resources.

The second and third *Eitel* factors favor default judgment where the claims are meritorious and the complaint sufficiently states a claim for relief. *See PepsiCo, Inc.*, 238 F.Supp.2d at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978)). A defendant's liability is deemed established upon default, and all findings of facts necessary to support liability are accepted as true. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir.1990); *see also Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir.1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). Here Plaintiffs have presented the complaint in the underlying lawsuit to the Court in conjunction with the relevant insurance policies, and identified the relevant coverages and exclusions for the Court. Therefore, the cause of action for declaratory judgment has been properly pled and the pleading requirements have been met to give the requested relief pursuant to Federal Rules of Civil Procedure 55 and 57. *See Hartford Cas. Ins. Co. v. SBA Consulting Servs., Inc.*, 2011 WL 283192, at *3 (D. Nev. Jan. 26, 2011).

Under the fourth *Eitel* factor, the court considers the amount of money at stake in relation to the seriousness of Defendants' conduct. *See PepsiCo, Inc.*, 238 F.Supp.2d at 1176. This is a declaratory judgment action and therefore, technically, the key issues on this factor do not concern an amount in controversy but strictly concern whether there is coverage for the events alleged in the underlying lawsuit under the insurance policy. *See Hartford Cas. Ins. Co.,* 2011 WL 283192, at *3.  However, in declaratory judgment actions, the amount in controversy may

also be considered "the value of the underlying potential tort action." *Budget Rent–A–Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997). Here, the underlying lawsuit's complaint is on the Court record, and the insurance policies is on the record. Docket Nos. 1-1, 1-2, 1-3, and 1-4, respectively. From that information, the Court is able to determine, and finds accordingly, that this *Eitel* factor weighs in favor of Plaintiff because there is no coverage for the actions alleged in the complaint of the underlying lawsuit.

The *fifth* Eitel factor also favors default judgment. Given the sufficiency of the complaint in this matter, the complaint in the underlying matter, and the terms of the insurance policies, there is "no genuine dispute of material facts would preclude granting [Plaintiffs'] motion." *PepsiCo, Inc.*, 238 F.Supp.2d at 1177. Further, Defendants did not answer the complaint, thus "the factual allegations of the complaint ... will be taken as true." *Geddes*, 559 F.2d at 560.

Applying the sixth factor, the court cannot conclude that Defendants defaults are due to excusable neglect. Defendants were properly served with a summons and the complaint, Docket Nos. 20, 21, and 22, and, therefore, Defendants' failure to respond or litigate this case cannot be attributable to excusable neglect. *United States v. High Country Broadcasting Co., Inc*., 3 F.3d 1244, 1245 (9th Cir. 1993) (holding that it was "perfectly appropriate" for the district court to enter default judgment against a corporation that failed to appear in the action through licensed counsel).

The final *Eitel* factor indicates that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Here, the Court can view the allegations in the underlying lawsuit and thereby determine whether the declaratory relief sought by Plaintiffs is proper in light of the insurance policies as a matter of law. *See Hartford Cas. Ins. Co.,* 2011 WL 283192, at *4.

Having reviewed plaintiffs' motion and the evidence previously submitted in this case, and having considered the *Eitel* factors as a whole, the Court concludes that the entry of default judgment is appropriate and that Plaintiffs are entitled to the requested relief.

**B.    Declaratory Relief**

Once liability is established in a default situation, a plaintiff must then establish that the

1  requested relief is appropriate. *Geddes*, 559 F.2d at 560. Here, as discussed above, Plaintiffs have
2  established that they are entitled to the requested declaratory relief. Accordingly, it is the
3  recommendation of the undersigned Magistrate Judge that the District Judge enter a finding that
4  there is no coverage for the underlying action under the policies at issue.

5  **IV.**     **CONCLUSION**
6        Based on the foregoing, and good cause appearing therefore,
7        IT IS THE RECOMMENDATION of the undersigned United States Magistrate Judge
8  that Plaintiffs' Motion for Default Judgment Against Defendants Larry Black, Ty Cirillo, and
9  JRC Restaurants dba Jimmy Johns Gourmet Sandwiches (Docket No. 30) be GRANTED in
10  accordance with this Report and Recommendation.
11        DATED this __21st__ day of February, 2014.

                                                        NANCY J. KOPPE
                                                        United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).